# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

ROJERIO GARCIA,

        Plaintiff,

v.                                              No. CV 15-00735 WJ/WPL

TRACTOR SUPPLY COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendant Tractor Supply Company's Motion to Dismiss (**Doc. 3**). Having reviewed the parties' briefs and the applicable law, the Court finds that Defendant's Motion to Dismiss is well taken, and therefore **GRANTED**, as herein described.

### BACKGROUND

This case concerns an issue of first impression in the District of New Mexico. Plaintiff Rojerio Garcia ("Mr. Garcia") suffers from HIV/AIDS, a serious medical condition as defined in the New Mexico Human Rights Act, N.M. STAT. ANN. § 28-1-1, *et seq*. (1978). Mr. Garcia's physicians recommended that treatment of his condition include the use of medical marijuana. Mr. Garcia subsequently applied for acceptance into the New Mexico Medical Cannabis Program, an agency of the New Mexico Department of Health. The New Mexico Medical Cannabis Program is authorized by the Lynn and Erin Compassionate Use Act ("CUA"), N.M. STAT. ANN. § 26-2B-1 (2007). The New Mexico Department of Health determined that Mr.

Garcia met all the statutory and regulatory criteria for participation in the Medical Cannabis Program and issued him a Patient Identification Card.

Mr. Garcia thereafter applied for the job of Team Leader (Management) at Tractor Supply Company ("Tractor Supply"). During his initial employment interview, Mr. Garcia advised Tractor Supply's hiring manager of his diagnosis of HIV/AIDS and of his participation in the Medical Cannabis Program. Mr. Garcia was hired for the job, and on August 8, 2014, reported to a testing facility to undergo a drug test. The results of the drug test indicated that Mr. Garcia had tested positive for cannabis metabolites. On August 20, 2014, Tractor Supply's hiring manager discharged Mr. Garcia on the basis of the positive drug test. On October 2, 2014, Mr. Garcia filed a written complaint with the New Mexico Human Rights Division, alleging unlawful discrimination by Tractor Supply as defined by N.M. STAT. ANN. § 28-1-7 (2008). Mr. Garcia received a Determination of No Probable Cause from the New Mexico Labor Relations Division/Human Rights Bureau on April 15, 2015. Therefore, Mr. Garcia has properly exhausted his administrative remedies. Mr. Garcia subsequently filed suit on July 13, 2015 in the First Judicial District Court of Santa Fe County, New Mexico, alleging that Tractor Supply terminated him based on his serious medical condition and his physicians' recommendation to use medical marijuana. Tractor Supply timely removed the case to this Court on August 21, 2015.

Tractor Supply filed a Motion to Dismiss (**Doc. 3**) on August 28, 2015, arguing that Mr. Garcia failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Mr. Garcia filed his Response (**Doc. 8**) on September 18, 2015, and Tractor Supply filed their Reply (**Doc. 12**) on October 13, 2015. The Court held a hearing on the Motion to Dismiss on December 4, 2015.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a case for failure to state a claim upon which relief can be granted. Rule 8(a)(2), in turn, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all the complaint's factual allegations as true, the same is not true of legal conclusions. *See id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

**DISCUSSION**

This case turns on whether New Mexico's Compassionate Use Act ("CUA") *combined* with the New Mexico Human Rights Act provides a cause of action for Mr. Garcia. Ever-present in the background of this case is whether the Controlled Substances Act preempts New Mexico state law.

**1.      The Compassionate Use Act and New Mexico Human Rights Act**

While some states, such as Connecticut and Delaware, have included within their medical marijuana acts affirmative requirements mandating that employers accommodate medical marijuana cardholders, New Mexico's medical marijuana act has no such affirmative language. Mr. Garcia does not dispute that the CUA by itself provides no cause of action. Thus, Mr. Garcia

3

argues in essence that the CUA makes medical marijuana an accommodation promoted by the public policy of New Mexico, and therefore, medical marijuana is an accommodation that must be provided for by the employer under the New Mexico Human Rights Act.

Tractor Supply counters that the CUA only offers users of medical marijuana limited immunity against state criminal prosecution and imposes no duty on employers to accommodate the use of medical marijuana. While an issue of first impression in the District of New Mexico, several cases from states that have approved medical marijuana prove instructive. *Curry v. MillerCoors, Inc.*, No. 12-cv-02471-JLK, 2013 WL 4494307 (D. Colo. Aug. 21, 2013) concerned an employee with hepatitis C who used medical marijuana and failed his employer's drug test. The court held that "[d]espite concern for Mr. Curry's medical condition, anti-discrimination law does not extend so far as to shield a disabled employee from the implementation of his employer's standard policies against employee misconduct. In other words, a termination for misconduct is not converted into a termination because of a disability just because the instigating misconduct somehow relates to a disability." *Id.* at *3 (internal citations omitted). A more recent District of Colorado case echoed the same reasoning: "Magistrate Judge Wang also correctly concluded that there was no basis for finding that Defendants terminated Plaintiff's employment **because of** his disability; the Complaint fails to allege a single fact to support the notion that Plaintiff's medical condition, or any accommodation for a medical condition, led to his termination." *Steele v. Stallion Rockies Ltd.*, No. 14-cv-02376-CMA/BNB, 2015 WL 3396417 (D. Colo. May 26, 2015) (emphasis in original).

Here, Mr. Garcia was not terminated because of or on the basis of his serious medical condition. Testing positive for marijuana was not because of Mr. Garcia's serious medical

condition (HIV/AIDS), nor could testing positive for marijuana be seen as conduct that resulted from his serious medical condition. Using marijuana is not a manifestation of HIV/AIDS.

Tractor Supply cites two state cases and one federal case in support. However, two of the cases involved claims seeking an implied cause of action from the state medical marijuana statute itself, or relied on public policy grounds. Neither case was successful for the Plaintiff.[1] Here, however, Mr. Garcia does not dispute that the CUA itself provides no cause of action. The third case, from the California Supreme Court, more closely resembles the cause of action Mr. Garcia pleads. In *Ross v. Ragingwire Telecommunications, Inc.*, the Plaintiff suffered from back pain, used medical marijuana, failed a drug test, and was subsequently terminated. 174 P.3d 200, 203 (Cal. 2008). The Plaintiff sued under the California Fair Employment and Housing Act, which "requires employers in their hiring decisions to take into account the feasibility of making reasonable accommodations." *Id.* at 204. Plaintiff alleged that the employer failed to make reasonable accommodations for his disability. The California Supreme Court held that "[n]othing in the text or history of the Compassionate Use Act suggest the voters intended the measure to address the respective rights and obligations of employers and employees. The FEHA does not require employers to accommodate the use of illegal drugs." *Id.*

Mr. Garcia's strongest argument in response to the *Ross* case centers on several decisions by the New Mexico Court of Appeals holding that the Workers' Compensation Act authorizes reimbursement for medical marijuana. *See, e.g.*, *Vialpando v. Ben's Auto. Servs.*, 33.1 P.3d 975, 979 (N.M. Ct. App. 2014) (finding medical marijuana to be a reasonable and necessary medical

---

[1] *See Casias v. Wal-Mart Stores, Inc.*, 764 F. Supp. 2d 914, 921 (W.D. Mich. 2011)  ("Plaintiff argues the MMMA provides him with an implied right of action. Even Mr. Casias acknowledges his chances on this theory are remote, given the strictness of the current test in Michigan case law."); *Roe v. Teletech Customer Care Management (Colorado) LCC*, 257 P.3d 586, 588 (Wash. 2011) ("We hold that MUMA does not provide a private cause of action for discharge of an employee who uses medical marijuana, either expressly or impliedly, nor does MUMA create a clear public policy that would support a claim for wrongful discharge in violation of such a policy.").

treatment requiring reimbursement). These decisions point to "equivocal statements about state laws allowing marijuana use" made by the Department of Justice. *Id.* at 980. Thus, Mr. Garcia infers that it is plausible that New Mexico courts would also find medical marijuana to be a reasonable accommodation under the New Mexico Human Rights Act.

However, the Court finds Tractor Supply's rebuttal more persuasive. First, as Defendant argues, reliance on an enforcement policy of the United States Attorney General is not law, and instead, is merely an ephemeral policy that may change under a different President or different Attorney General. Second, and more importantly, there is a fundamental difference between: (i) requiring an insurance carrier to reimburse medical treatments that have been approved by a physician in a regulated system, such as medical marijuana, and (ii) requiring that a national employer permit and accommodate an individual's marijuana use that is illegal under federal law. This second point opens an important public policy argument. Were the Court to agree with Mr. Garcia, and require Tractor Supply to modify their drug-free policy to accommodate Mr. Garcia's marijuana use, Tractor Supply, with stores in 49 states, would likely need to modify their drug-free policy for each state that has legalized marijuana, decriminalized marijuana, or created a medical marijuana program. Depending on the language of each state's statute, Tractor Supply would potentially have to tailor their drug-free policy differently for each state permitting marijuana use in some form.

In sum, the Court finds that the CUA combined with the New Mexico Human Rights Act does not provide a cause of action for Mr. Garcia as medical marijuana is not an accommodation that must be provided for by the employer. Tractor Supply did not terminate Mr. Garcia because of his serious medical condition, as marijuana use is not a manifestation of HIV/AIDS, nor is testing positive for marijuana conduct that resulted from Mr. Garcia's serious medical condition.

While New Mexico state courts have found medical marijuana to be compensable under state workers' compensation laws, the Court finds a fundamental difference between requiring compensation for medical treatment and affirmatively requiring an employer to accommodate an employer's use of a drug that is still illegal under federal law.

2.      **The Controlled Substances Act and the CUA**

Tractor Supply next argues that requiring accommodation of medical marijuana use conflicts with the Controlled Substances Act ("CSA") because it would mandate the very conduct the CSA proscribes. Several state courts have held that state medical marijuana laws do not conflict with the CSA because the state laws merely provide limited state-law immunity from prosecution if individuals choose to engage in state-law compliant medical marijuana use. *See, e.g.*, *Ter Beek v. City of Wyoming*, 846 N.W.2d 531 (Mich. 2014); *Qualified Patients Ass'n v. City of Anaheim*, 187 Cal. App. 4th 734 (Cal. Ct. App. 2010). These courts have found that the state law does not present an obstacle to the accomplishment of the federal law and does not deny the federal government the ability to enforce the prohibition. Thus, "it is not impossible to comply with both the CSA's federal prohibition on marijuana and [the Act's] limited state-law immunity for certain medical marijuana use . . . ." *Ter Beek*, 846 N.W.2d at 541.

Yet these cases addressed only whether the CSA preempted the state-law immunity that state medical marijuana acts granted its citizens. Here, Tractor Supply's argument is more nuanced than asserting that New Mexico's CUA itself is preempted by the CSA. Rather, Tractor Supply argues that interpreting the CUA and the Human Rights Act to require the company to accommodate Mr. Garcia's marijuana use would be preempted by the CSA. Thus, a closer case is a Supreme Court of Oregon case that examined whether the plaintiff's medical marijuana use constituted an "illegal use of drugs" under the state statutory provision governing his claim for

employment discrimination. *See Emerald Steel Fabricators, Inc. v. Bureau of Labor & Indus.*, 230 P.3d 518 (Or. 2010) (en banc). The court found that under Oregon's discrimination laws, the employer was not required to accommodate the employee's use of medical marijuana under the state's disability-discrimination statute, as marijuana is an illegal drug under federal law. *See id.* at 536. Judge Kistler, the author of the *Emerald Steel* opinion, presented a similar argument in his concurrence in an earlier case: "[t]he fact that the state may exempt medical marijuana users from the reach of the state criminal law does not mean that the state can affirmatively require employers to accommodate what federal law specifically prohibits." *Washburn v. Columbia Forest Products, Inc.*, 134 P.3d 161, 167–68 (Or. 2006).

The Court finds no conflict between these two lines of cases. State medical marijuana laws that provide limited state-law immunity may not conflict with the CSA. But here, Mr. Garcia does not merely seek state-law immunity for his marijuana use. Rather, he seeks the state to affirmatively require Tractor Supply to accommodate his marijuana use. Thus, the Court finds the Oregon cases closer to the fact of this case and more persuasive. To affirmatively require Tractor Supply to accommodate Mr. Garcia's illegal drug use would mandate Tractor Supply to permit the very conduct the CSA proscribes.

Accordingly, the Court finds that Defendant's Motion to Dismiss is well taken, and therefore **GRANTED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE